## TANNER vs. ROBERT.

West'n. Dis'ct
Oct ber 1826

APPEAL f om the court of probates of the parish of Rapides.

MATTHEWS, J. delivered the opinion of the court. In this case the plaintiff claims pr perty as the heir of his deceased child. and prays that a partition may be made between h m and the children of his late w fe, by a former husband. The judge of probates made a decree, by which he considered all the estate le t at the death of the f rmer husband as belonging to the community which existed between them; and which ought to have been equally divided and partitioned between the widow and the heirs of her first husband. From this judgment the defendant appealed.

The evidence of the cause which comes up on the record, shews that the mother of the deceased child, under whom the appellee claims as heir, was married to Grimbal Robert, in the state of South Carolina, by whom she had issue two children; that after the death of Robert, she was lawfully married to the plaintiff, and had by him one child, and subsequenily died, leaving the child alive,

If a widow renounces her rights under a will, the idea that she is entitled to one half of it in her own right, and it afterwards appears she was in error as to the extent of her claim, the renunciation will not bind her.

5 N S 255
110  68

TANNER
*vs*
ROBERT.

which died previous to the commencement of the present action. It is also in proof that, at the time of the marriage in South Carolina, the widow of Robert, and late wife of Tanner, was owner of certain slaves, which, with their increase, were found among the property held by her former husband. Ten witnesses proved that, according to the laws of that state, slaves are viewed as personal property, and are acquired *ipso facto* on marriage by the husband. The only property acquired by Robert and his wife during their coverture, and whilst they lived together in this state to which they removed, was a tract of land paid for entirely out of the funds of the husband. Robert made an olographic will, by which he left to his wife a specific legacy, consisting of certain slaves therein named; some of which, if not the whole, were those which he had acquired by marriage with her in South Carolina. By this will he also bequeaths one to her half of his estate. Subsequent to his death, the widow caused an inventory to be made of all the property which he held during his life time, and claimed in that proceeding as her own, the slaves which she had brought in

marriage, and which had been bequeathed to her by the will of her husband, as above stated. It is proved that nothing was gained during the marriage whilst the husband and wife lived in this state. After all the pro- ceedings, some heirs of Grimbal Robert, children of a former bed or marriage, ap- peared and claimed their portions of their father's estate, and to them the widow re- linquished all the property which belonged to that estate, on condition that her two children by Robert, should share and partake one-fourth part thereof. This is a summary of the important facts of the case, from which the legal rights of the parties litigant are to be deduced.

According to the laws of South Carolina proven, the slaves which the wife owned before marriage, and all personal property which she acquired, afterwards vested in full right in her husband, as a consequence of the matrimonial union. The land purchased by him in this state, and paid for out of his own funds, became exclusively his. In truth, the evidence shews that at his death, nothing existed which could form a com- munity of acquests and gains ; we are,

therefore, of opinion that the judge *a quo* erred in considering all the property left by Robert at his decease, as belonging to a community existing between his heirs and his surviving wife. It is true, that agreeably to the provisions of our laws, marriage superinduces a community of acquests and gains between husband and wife; and that all the property left at the death of either party, is presumed to constitute such community. But this presumption, like all legal presumptions, falls before proof to the contrary; *stabit presumptio donec contrarium probetur.* And in the present case we have proof to the contrary, shewing that all the estate belonged to Robert the husband.

From this view of the case, we are necessarily led to the consideration of the will, inventory and agreement, by which the widow settled the affairs of her deceased husband's estate, with his heirs. The will, we think, is good and valid in point of form and probate; and transferred in fee simple all the disposable portion of the testator's succession: but, as he had forced heirs at the time his estate descended, he could only give by will, one-fifth part of his property to the

West'n Dis'c
October, 1826

TANNER
vs.
ROBERT.

prejudice of such heirs. As to the agreement, by which it is contended the widow gave up all her right in the succession of her husband; we are of opinion that it was made in relation to the will and inventory, and that in endeavouring to find out the intention of the parties to that contract, these instruments must be taken into consideration. The will gives to the widow specific property by one clause, and by another one half of the estate of the testator; when the inventory was made by the legatee, she claimed as her own, all the property which constituted the specific legacy, causing all the rest to be inventoried as the estate of her late husband, one-half of which she might have thought herself entitled to under his will: and this alone, we believe, she intended to surrender by the agreement entered into between her and the heirs of her husband proceeding from a former marriage. But it may be said, that as she could not acquire under the will more than one-fifth of the testator's succession, it is that alone on which the agreement operated, and was thereby transferred; this cannot be supposed, unless it be admitted that the widow intended to strip herself of every atom of

property, and that with a view of her children enjoying only one-fourth part of it—a supposition too abs rd to be tolerated. The agreement was made in error of the legal rights of the parties, and really transferred none from the legatee ; but left the estate of the testator to be partaken according to law, except perhaps, a small advantage to her children.

It is therefore ordered, adjudicated and decreed, that the judgment of the court of probates be avoided, reversed and annulled. And it is further ordered, &c. that the cause be sent back to the court below, with instructions to the judge to cause a partition to be made in such a manner as to allow to the plaintiff, as heir of the deceased child, one third of his late wife's estate, as derived from the former husband ; that is to say, one-fifth part of his succession.